**UNITED STATES of America,**
**Plaintiff–Appellee**

v.

**Jed Stewart LINEBERRY,**
**Defendant–Appellant.**

**No. 03–41053.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Nov. 16, 2005.

Milton Andrew Stover, U.S. Attorney's Office, Eastern District of Texas, Plano, TX, for Plaintiff–Appellee.

Jed Stewart Lineberry, Greenville, TX, pro se.

Before HIGGINBOTHAM, DAVIS, and PRADO, Circuit Judges.

***ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES***

PER CURIAM: *

In our previous opinion in this case, we affirmed Appellant Lineberry's conviction and sentence. *See United States v. Lineberry,* 93 Fed.Appx. 632 (5th Cir.2004) (per curiam) (unpublished). Following our judgment, Lineberry filed a petition for certiorari. The Supreme Court granted Lineberry's petition for certiorari, vacated our judgment, and remanded the case to this court for further consideration in light

---

of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We now reconsider the matter in light of *Booker* and decide to reinstate our previous judgment affirming Lineberry's conviction and sentence.

Lineberry raised a *Booker*-related challenge to his sentence for the first time on direct appeal. Because Appellant made no *Booker* objection in the district court, however, Appellant's claim must fail under the plain-error test discussed in *United States v. Mares*, 402 F.3d 511, 520–22 (5th Cir. 2005).[2]

Lineberry also argues that application of Justice Breyer's remedial opinion in *Booker* would strip him of his constitutional protections against *ex post facto* laws. He explains that *Apprendi* gave him the right to a jury trial on all facts essential to his sentence and Justice Breyer's remedial opinion in *Booker* stripped that right away. In *United States v. Scroggins*, 411 F.3d 572, 575–76 (5th Cir.2005) we rejected that argument and held that *Booker* required us to apply both Justice Stevens' merits opinion and Justice Breyer's remedial opinion in *Booker* to all cases such as this one on direct review.

For the reasons stated above, our prior disposition remains in effect, and we RE-INSTATE OUR EARLIER JUDGMENT affirming Lineberry's conviction and sentence.

---

**2.** There is no indication that the district court, if given the opportunity to treat the guidelines as advisory only, would have imposed a lesser sentence.

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.